**UNITED STATES of America, Appellee,**

v.

**Joe UNION, Appellant.**

**No. 77–1654.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 14, 1978.

Decided Feb. 21, 1978.

Robert A. Hampe, St. Louis, Mo., filed brief, for appellant.

Barry A. Short (former U. S. Atty.), and Michael W. Reap, Asst. U. S. Atty., St. Louis, Mo., filed brief, for appellee.

Before LAY, ROSS and BRIGHT, Circuit Judges.

PER CURIAM.

The defendant was charged with distribution of heroin and conspiracy to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). A jury found him guilty on both counts. Concurrent sentences of 13 years and a special parole term of 5 years were imposed on each count. In this timely appeal defendant's sole contention is that the prosecution failed to show, by independent evidence, defendant's involvement with certain of the named conspirators and thus out-of-court statements by these conspirators should not have been admitted against him. Defendant contends that the admission of the coconspirator statements tainted his conviction on both the conspiracy and the substantive counts.

The grand jury charged the following conspiracy:

beginning on or about March 17, 1977 and continuing up to May 18, 1977, in the City of St. Louis, * * * the defendants EDDIE EARL JOHNSON, JR., ROBERT LANE, ROBERT RUCKER, LeROY BENTLEY, TERRENCE THOMPSON, JOE UNION and FRANK WEEMS did knowingly and wilfully combine, conspire, confederate and agree among themselves and others known and unknown to this Grand Jury to distribute heroin, * *.

Other than expert witnesses in the identification of controlled substances, the government presented only one witness in support of this charge: Patrick Dickens, an undercover officer in the St. Louis police department.

Dickens testified at length to his numerous meetings with the named conspirators. He stated that he directly observed the defendant acting in concert with coconspirators Thompson and Weems in the distribution of heroin. Dickens further testified that he made a direct purchase of heroin from the defendant. This independent, nonhearsay evidence was uncontradicted. It was clearly sufficient to convict the defendant on both the substantive offense and the conspiracy count. *See, e. g., United States v. Estrada,* 441 F.2d 873, 878 (9th Cir. 1971); *Walker v. United States,* 342 F.2d 22, 25 (5th Cir.), *cert. denied,* 382 U.S. 859, 86 S.Ct. 117, 15 L.Ed.2d 97 (1965).

Dickens stated that he purchased heroin from coconspirators Johnson, Lane, Rucker, Bentley and Thompson. On some occasions Dickens dealt individually with the alleged coconspirators; on other occasions he witnessed concerted activity. The various transactions bore common earmarks, suggesting a shared enterprise. However, Dickens did not testify to any observations of direct contact between the defendant and either Johnson, Lane, Rucker or Bentley.

Although the defendant objected, the trial court permitted Dickens' testimony regarding statements by the coconspirators that they obtained their heroin from, and worked in behalf of, "Joe." These statements were admissible if there was

> substantial independent evidence that a conspiracy existed. * * * [T]he standard for the admissibility of co-conspirator statements requires the showing of a likelihood of illicit association between the declarant and the defendant. The trial judge determining admissibility preliminarily has wide discretion and must be satisfied only that there is independent evidence, credible and sufficient to support a finding of a joint undertaking.

*United States v. Scholle,* 553 F.2d 1109, 1117 (8th Cir. 1977). *See also United States v. Kelley,* 526 F.2d 615, 618 (8th Cir. 1975), *cert. denied,* 424 U.S. 971, 96 S.Ct. 1471, 47 L.Ed.2d 739 (1976); *United States v. Frol,* 518 F.2d 1134, 1136–37 (8th Cir. 1975).

We are satisfied that, independent of the coconspirator statements implicating the defendant, the prosecution showed a likelihood of illicit association between the defendant and the various declarants. Accordingly, the statements of the coconspirators were properly admitted. Moreover, even if we were to agree with the defendant on the issue, we would be inclined to view any error as harmless. As noted above, the direct observations of Dickens, undisputed by the defendant, clearly established both the substantive offense and an unlawful association with certain of the coconspirators. The prospect of "guilt by transference" was insubstantial. *Cf. Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

The judgment of the district court is affirmed.